Harris A. PARSON, Plaintiff-Appellant,

v.

KAISER ALUMINUM & CHEMICAL CORP., and Local 13000, United Steelworkers of America, AFL–CIO, CLC, Defendants-Appellees.

No. 74–3468.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1978.

Nils R. Douglas, New Orleans, La., Richard B. Sobol, Anne P. Buxton, Washington, D. C., for plaintiff-appellant.

Carl J. Schumacher, Jr., New Orleans, La., Robert J. Allen, Jr., Kaiser Center, Oakland, Cal., for Kaiser Aluminum, etc.

Jerry L. Gardner, Jr., New Orleans, La., for Local 225.

Alfred D. Trehene, Washington, D. C., Donald R. Mintz, New Orleans, La., John C. Falkenberry, Birmingham, Ala., Burk & Burk, New Orleans, La., Michael H. Gottesman, Washington, D. C., for defendants-appellees.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion July 10, 1978, 5 Cir., 575 F.2d 1374)

Before BROWN, Chief Judge, THORNBERRY, Circuit Judge, and MILLER *, Associate Judge.

PER CURIAM:

In their petitions for rehearing and rehearing en banc in this Title VII racial discrimination suit, the employer (Kaiser Aluminum & Chemical Corp.) and the union (Local 13000, United Steel Workers of America, AFL–CIO, CLC) assail the decision and opinion of the panel, 575 F.2d 1374, on a number of points. We fully adhere to our decision, but feel that clarification of our original opinion is desirable with respect to two of those points.

■ (1) Contrary to the assertion of Kaiser and the Union, we are fully aware that the decision of the Supreme Court in *International Brotherhood of Teamsters v. Unit-ed States*, 1977, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396, holds that § 703 (h) of Title VII, 42 U.S.C. § 2000e–2(h), immunizes from liability even those seniority systems that preserve the effects of past discrimination, so long as an intent to discriminate has not entered into their negotiation, genesis, or maintenance. See 431 U.S. at 353–56, 97 S.Ct. 1843; see also *Pettway v. American Cast Iron Pipe Co.*, 5 Cir., 1978, 576 F.2d 1157, 1188–92; *James v. Stockham Valves & Fittings Co.*, 5 Cir., 1977, 559 F.2d 310, 349–52, cert. denied, 1978, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781. None of our findings that plaintiffs had established a *prima facie* case of illegal discrimination rested upon a theory of liability repudiated in *Teamsters*, although our discussion of the system of interdepartmental transfers established by the Kaiser-Union collective bargaining agreement, see 575 F.2d at 1387–89, might have been somewhat more explicit in this regard. We did, however, hold clearly and unmistakably that the central problem with the system of interdepartmental transfers was the ten-day bottom entry requirement, the result of which is that employees can use their plant seniority to bid for jobs in a new department only if they are willing to take the risk of being frozen in an entry level position with lower pay for an indefinite amount of time because some other employee already in the new department and with more plant seniority bids for the vacancy after the required ten-day waiting period. While the rules for bidding for vacancies *within* a department are governed by seniority and thus by *Teamsters*, the ten-day bottom entry requirement is not a seniority rule at all. Rather, it is a condition upon *transfer* wholly extraneous to the prevailing seniority system, and, as such, is *not* immunized by § 703(h) and *Teamsters*. Cf. *Pettway, supra*, 576 F.2d at 1193–94.

■ (2) The Union objects to the suggestion in our original opinion, see 575 F.2d at 1389, that if upon remand the District Court finds the *prima facie* illegal transfer system to fail the "business necessity" justi-

* Associate Judge U.S. Court of Customs and Patent Appeals sitting by designation.

fication, the Union must share liability for the Title VII violation and contribute to any monetary relief. Although our view is that the Union has a major operational responsibility for the transfer rules established by the collective bargaining agreement, we have previously approached the attribution of liability and the apportionment of damages as between employer and union on a flexible basis with regard to the comparative equities, *see James, supra,* 559 F.2d at 353–54; *Guerra v. Manchester Terminal Corp.,* 5 Cir., 1974, 498 F.2d 641, 655–56; *Johnson v. Goodyear Tire & Rubber Co.,* 5 Cir., 1974, 491 F.2d 1364, 1381–82, and we do not mean to foreclose the District Court's discretion in this regard.

■ On remand, the District Court must of course be sensitive to the changes wrought in Title VII law—both with respect to liability and to the scope of relief—in the four years since this case was last before it. We particularly direct attention, in addition to our decision on appeal, to *Teamsters, supra; Franks v. Bowman Transp. Co.,* 1976, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444; *Pettway, supra ;* and *James, supra.* But in the midst of jurisprudential change and complexity, the Court should not lose sight of its primary obligation, which is to ensure that the victims of illegal racial discrimination receive the full measure of relief to which the law entitles them.

The petition for rehearing is DENIED and no member of this panel nor Judge in regular active service having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is DENIED.